RobeRT McFarland, Special Judge,
delivered the opinion of the Court.
The defendant in error brought an action of trespass against the plaintiff in error, in the Circuit Court of Campbell county. The plaintiff in error, upon entering his appearance, filed his application to have the cause removed to the Circuit Court of the United States, for the District of East Tennessee, upon the ground that he was a citizen of the State of Kentucky, and the defendant in error, a citizen of the State of Tennessee; that the amount involved exceeded |500, exclusive of cost, etc. Upon consideration of the application at the next term, the Circuit Court being of opinion that the plaintiff in error had brought himself within the provisions of the 12th section of the Act of Congress of 1789, granted the application, and made the necessary orders for the transfer of the cause; but at the same time rendered a judgment against the plaintiff in error, for' all the costs of the cause up to and including that term of the court, and awarded execution. From this judgment an appeal in error was prosecuted to this court.
The provisions of the Act of Congress referred to, are, that when the party applying for the transfer brings himself within the provisions of the Act, it shall be the duty of the State Court to accept the surety, and proceed no further with the cause, and that upon the filing of copies of the process, etc., in *617 tlie Eecleral Court, the cause shall then proceed in the same manner as if it had been brought there by original process.
The Circuit Court of Campbell county, upon the question, whether or not the cause should be transferred, had no discretion, except simply to determine whether the application came within the provisions of the Act of Congress. Upon deciding this question in the affirmative, the right of the plaintiff in error to have the cause transferred became absolute.
Upon what ground then, could the Court render judgment against him for costs? In general, the right of one party at law, to recover his costs from the opposite party, results from his final success in the cause. This, by statute, is so far modified that the Court may adjudge costs against either party, as terms of continuance, etc: Code, sec. 2942-43.
It is provided by sec. 3220, that, if any case shall occur, not directly or by fair implication embraced within the provisions of the law, the Court may make such disposition of the costs as in its sound discretion may seem right. This has reference to causes, where it becomes the duty of the Court in disposing of the cause to adjudge the costs.
The judgment for costs in this cause cannot be regarded as terms for granting the transfer, for the Court had no discretion in the matter.
It was not a cause where the law required the Court to adjudge the costs. The provisions of the Act are, that when the application is made in conformity therewith, the State Court shall proceed no further, and upon en *618 tering copies, etc., in the Federal Court, the canse shall proceed as if originally brought there. The judgment for costs in tjiis cause was arbitrary and clearly erroneous, if not void absolutely. The Court, until the order of transfer was made, had jurisdiction of the parties, but it may be doubtful if the Court, at this stage of the case, had jurisdiction of the subject matter of costs.
It would seem, that the prosecution of this appeal in this Court, when the cause was transferred to the United States Court, and for all we can see, may be now, pending there, involves a conflict of jurisdiction. But this is probably more apparent than real. The Circuit Court of the United States, in such a cause, exercise no appellate jurisdiction, and could not, probably, in any manner, notice this judgment for costs. On the other hand, this Court, by virtue of this appeal, acquired no jurisdiction of the cause. But this judgment for costs was final, so far as these costs are concerned, and the end of the cause in the State Court; and to enforce it, execution was awarded. By express provisions of the statute, any party to a judgment or decree, may pray and obtain an appeal therefrom: Code, sec. 3159. We think the plaintiff in error had a right- to appeal from this judgment. Without this he might be without a remedy for this plain violation of his legal rights.
The judgment of the Circuit Court of Campbell County for costs will be reversed and vacated.
Hawkins, Judge
said:
I think the judgment for costs is clearly erroneous, *619 but doubt whether it is such a judgment as from which an appeal will lie. I also doubt whether this Court can entertain jurisdiction of the cause for any purpose, the same haying been transferred under An Act of Congress, to the Circuit Court of the United States.